# Ex. A

LAW OFFICES OF SCOTT Z. ZIMMERMANN
Scott Z. Zimmermann [Bar No. 78694]
Email: szimm@zkcf.com
601 S. Figueroa Street, Suite 2610
Los Angeles, California 90017
Telephone: (213) 452-6509
Facsimile: (213) 622-2171

Attorney for Plaintiff
Craftwood II, Inc. d/b/a Bay Hardware
and for all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/14/2012 at 11:32:28 AM

Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CRAFTWOOD II, INC., a California corporation, d/b/a as Bay Hardware, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>TOMY INTERNATIONAL, INC. (f/k/a RC2 Corporation, a Delaware corporation; and DOES 1 through 1,000, inclusive,<br><br>          Defendants. | Case No.  30-2012-005908 15-CU-MC-CXC<br><br>CLASS ACTION<br><br>Complaint for Violations of the Junk Fax Prevention Act (47 U.S.C. § 227); Exhibit; Jury Demand<br><br>[CAL. CIV. PROC. CODE §§ 382, 410; CAL. R. CT. 3.760]<br><br>Judge Nancy Wieben Stock<br>CX-105 |

Plaintiff Craftwood II, Inc. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, and alleges:

### Introduction

1.      More than two decades ago the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") was enacted into law.  The law responded to countless complaints by American consumers and businesses about the cost, disruption and nuisance imposed by junk faxes.  The law prohibited the transmission

1

of facsimile advertising without prior express invitation or permission of the recipient. In 2005, because consumers and businesses continued to be besieged with junk faxes, Congress strengthened the law by amending it through the Junk Fax Prevention Act of 2005 ("JFPA" or the "Act"). As amended, the law requires senders to include in their faxed advertisements a clear and conspicuous notice that discloses to recipients their right to stop future junk faxes and how to exercise that right.

2.    Plaintiff brings this class action to recover damages for, and to enjoin, junk faxing by defendants Tomy International, Inc. and Does 1 through 1,000, inclusive (jointly and severally "Defendants") in violation of the JFPA and the regulations promulgated thereunder by the Federal Communications Commission ("FCC"). Defendants' violations include, without limitation, the facsimile transmission of an unsolicited advertisement on January 17, 2011 sent to Plaintiff's facsimile telephone number, true and correct copy of which advertisement is attached as Exhibit 1.

3.    **Jurisdiction, Standing and Venue.**  This Court has subject matter jurisdiction over this matter and Plaintiff has standing to seek relief in this Court because Defendants sent Plaintiff junk faxes within the ambit of the Act, and 47 U.S.C. § 227(b)(3) authorizes commencement of an action in an appropriate state court to obtain damages in the minimum amount of $500 for each violation of the JFPA and/or the FCC's regulations promulgated thereunder, to obtain injunctive relief, or both. Venue is proper in this Court because the cause of action asserted in this Complaint arose in this County by reason of Defendants' sending of their junk faxes to this County, including to Plaintiff.

LAW OFFICES OF SCOTT Z. ZIMMERMANN

LAW OFFICES OF SCOTT Z. ZIMMERMANN

## The Parties

4.     **Individual Plaintiff/Class Representative**.  Plaintiff Craftwood II, Inc. is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of California, doing business as Bay Hardware. Plaintiff is, and at all times relevant hereto was, at its place of business within this County located in Seal Beach, the subscriber of the facsimile telephone number (562) 594-4054 to which Defendants sent one or more faxed unsolicited advertisements, including the one attached hereto as Exhibit 1.

5.     **Defendant Tomy International, Inc.**  Plaintiff is informed and believes and upon such information and belief alleges that Defendant Tomy International, Inc. is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Delaware and that Defendant was formerly known as RC2 Corporation, doing business as, among other things, "Learning Curve."

6.     **Defendant Does 1 Through 1,000.**  Plaintiff is unaware of the true names and capacities of Does 1 through 1,000, inclusive, and therefore sues such defendants by their fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities of the fictitiously named defendants when they are ascertained.  Plaintiff is informed and believes and upon such information and belief alleges that:

A.     Does 1 through 500, inclusive, are, and at all times relevant hereto were, businesses, individuals and/or other entities that are senders, via facsimile transmission, of the unsolicited advertisements at issue and are therefore liable or otherwise responsible for the violations and damages alleged herein.

1          B.      Does 501 through 1,000, inclusive, are, and at times relevant

2   hereto were, fax broadcasters that, for compensation, physically sent via facsimile

3   transmission the unsolicited advertisements at issue on behalf of each of Defendants.

4   Plaintiff is informed and believes and upon such information and belief alleges that

5   Does 501 through 1,000 are liable or otherwise responsible for the violations and

6   damages alleged herein because these Doe defendants had a high degree of

7   involvement in the content, preparation and/or transmission of the unsolicited

8   advertisements at issue and/or had actual notice of the unlawful activity constituting

9   the violations alleged herein and failed to take steps to prevent the same.

10

11          C.      As used herein, the term "Defendants" refers, jointly and

12   severally, to defendant Tomy International, Inc. and Does 1 through 1,000,

13   inclusive.

14

15      7.      **Agency.**  Plaintiff is informed and believes, and upon such information

16   and belief alleges, that at all times relevant hereto, each Defendant was and now is

17   the agent and/or representative of each remaining Defendant, and in doing the acts

18   alleged herein was acting within the scope of such agency and/or representation.

19

20              The JFPA's Prohibition Against Junk Faxing

21

22      8.      By the early 1990's, advertisers had exploited facsimile telephone

23   technology to blanket the country with junk fax advertisements.  This practice

24   imposed tremendous disruption, annoyance, and cost on the recipients.  Among

25   other things, junk faxes tie up recipients' telephone lines and facsimile machines,

26   misappropriate and convert recipients' fax paper and toner, and require recipients to

27   sort through faxes to separate legitimate fax communications from junk

28   advertisements and to discard the latter.  Congress responded to the problem by

LAW OFFICES OF SCOTT Z. ZIMMERMANN

4

1    passing the TCPA.  The TCPA made it unlawful for any person "to use any

2    telephone facsimile machine, computer, or other device to send, to a telephone

3    facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).  The

4    anti-junk fax law was enacted to eradicate "the explosive growth in unsolicited

5    facsimile advertising, or 'junk fax.'"  H.R. Rep. No. 102-317 (1991).

6

7         9.    In the decade following the law's enactment, however, American

8    consumers and businesses continued to be "besieged" by junk faxes because senders

9    refused to honor requests by recipients to stop.  FCC, Report and Order on

10   Reconsideration of Rules and Regulations Implementing the TCPA of 1991, 29

11   Comm. Reg. 830 ¶ 186 (2003).  Congress responded by strengthening the law

12   through the JFPA.  The JFPA continued the prohibition against sending unsolicited

13   advertisements via facsimile transmission.  The FCC has defined a "sender" under

14   the JFPA to include any "person or entity on whose behalf a facsimile unsolicited

15   advertisement is sent or whose goods or services are advertised or promoted in the

16   unsolicited advertisement." 47 C.F.R. § 64.1200(a)(3), (f)(8).  The statute defines

17   "unsolicited advertisement" as "any material advertising the commercial availability

18   or quality of any property, goods, or services which is transmitted to any person

19   without that person's prior express invitation or permission, in writing or

20   otherwise."  § 227(a)(5).

21

22        10.   The JFPA, for the first time, required senders to disclose to recipients

23   their right and ability to stop future junk faxes (hereinafter collectively the "Opt-Out

24   Notice Requirements").  § 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2); 47 C.F.R. §

25   64.1200(a)(3)(iii)-(vii).  Senders of faxed advertisements must place a notice clearly

26   and conspicuously on the first page of the fax transmission and provide prescribed

27   disclosures that Congress believed essential to enable fax recipients to opt-out of

28   future faxes.  Compliance with the Opt-Out Notice Requirements is neither difficult

LAW OFFICES OF SCOTT Z. ZIMMERMANN

5

nor costly.  But these requirements are important consumer protections bestowed by Congress upon American consumers and businesses by giving them the right to stop unwanted faxes and to require senders to disclose that right and explain how to exercise that right.  Even a fax advertisement sent with permission of the recipient is unlawful if the sender fails to comply with the Opt-Out Notice Requirements.  47 C.F.R. § 64.1200(a)(3)(iii)-(iv).

## Defendants' Fax Program

11.    Plaintiff is informed and believes and upon such information and belief alleges that the faxes that are the subject of this lawsuit were designed as, intended as, and constituted advertisements under the JFPA within the four corners of such faxes and as part of Defendants' overall marketing and promotional activities for the distribution and sale of property, goods and/or services of Defendants and/or their respective parent, subsidiary or affiliated companies.

12.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants blasted their fax advertisements which are the subject of this lawsuit without first obtaining recipients' prior express invitation or permission and without complying with the Opt-Out Notice Requirements, in direct violation of the JFPA and the FCC's regulations promulgated thereunder.  Plaintiff did not give Defendants prior express or invitation permission to send Exhibit 1 hereto or any other faxed advertisements to it.

## Class Action Allegations

13.    **Class Action.**  This action is properly maintainable as a class action because (a) there is an ascertainable class; and (b) there is a well-defined community

LAW OFFICES OF SCOTT Z. ZIMMERMANN

of interest in the questions of fact and law involved.

14.   **Class Definition**.  The Plaintiff Class consists of all persons and entities that are subscribers of facsimile telephone numbers to which a facsimile transmission was sent (to more than 25 facsimile telephone numbers) within four years of the filing of this action, which facsimile transmission discusses, describes, or promotes the property, goods or services of Defendants and/or their respective parent, subsidiary or affiliated companies, including, without limitation, the facsimile transmission attached hereto as Exhibit 1("Plaintiff Class").  Plaintiff reserves the right to amend the class definition following the completion of class certification discovery.

15.   **Class Size/Ascertainability**.  Plaintiff is informed and believes and upon such information and belief alleges that the number of persons and entities of the Plaintiff Class is numerous.  Plaintiff is further informed and believes and upon such information and belief alleges that the identity of all class members is readily ascertainable from records and other documents maintained by Defendants and/or third parties.

16.   **Community of Interest**.  There is a community of interest in the questions of fact and law involved because there are predominant questions of fact and law, Plaintiff's claims are typical of claims held by the Plaintiff Class, and Plaintiff and its counsel can adequately represent the Plaintiff Class, as more particularly alleged in paragraphs 17 and 19.

17.   **Typicality and Adequacy of Representation**.  The claims of Plaintiff are typical of the Plaintiff Class as they received the same or similar faxed communications, have claims under the same statute and are entitled to the same

LAW OFFICES OF SCOTT Z. ZIMMERMANN

7

1   damages.  The Plaintiff Class will be well represented by Plaintiff and Plaintiff's

2   counsel.  Plaintiff appreciates the responsibilities of a class representative and

3   understands the nature and significance of the claims made in this case.  Plaintiff

4   can fairly and adequately represent and protect the interests of the Plaintiff Class

5   because there is no conflict between its interests and the interests of other class

6   members.  Proposed class counsel has the necessary resources, experience

7   (including extensive experience in litigating claims under the JFPA) and ability to

8   prosecute this case on a class action basis.

9

10   18.   **Impracticability of Joinder**.  Joinder of all Plaintiff Class members is

11   impracticable due to the class's size and due to the relatively small potential

12   monetary recovery for each Plaintiff Class member, in comparison to the time and

13   costs associated with litigation on an individual basis.

14

15   19.   **Common Questions of Law and Fact Are Predominant.**  Questions

16   of law and fact common to the class predominate over questions affecting only

17   individual class members.

18

19   A.   **Common Questions of Fact.**  This case presents numerous

20   questions of fact that are common to all class members claims.  Plaintiff is informed

21   and believes, and upon such information and belief alleges, that the case arises out

22   of a common nucleus of facts, and accordingly, Defendants have engaged in a

23   standardized course of conduct vis-à-vis class members, and all class members'

24   damages arise out of that conduct.

25

26   B.   **Common Questions of Law.**  The case presents numerous

27   common questions of law, including, but not limited to:

28

LAW OFFICES OF SCOTT Z. ZIMMERMANN

8

(1)     whether the faxes at issue are advertisements within the ambit of the JFPA and the FCC's regulations promulgated thereunder;

(2)     Defendants' mode and method of obtaining the telephone numbers to which the junk faxes were sent and whether that mode and method complied with the requirements of subsection § 227(b)(1)(C)(ii) and the FCC's regulations promulgated thereunder;

(3)     whether Defendants complied with the Opt-Out Notice Requirements of the JFPA and the FCC's regulations promulgated thereunder, and the legal consequences of the failure to comply with those requirements;

(4)     what constitutes a knowing or willful violation of the JFPA within the meaning of section § 227(b)(3);

(5)     whether Defendants committed knowing or willful violations of the JFPA and/or regulations promulgated thereunder;

(6)     whether damages should be increased on account of Defendants' knowing or willful violations of the act and, if so, by what amount; and

(7)     whether injunctive relief is warranted to enjoin Defendants, as requested in this Complaint.

20.     **Manageability of Class Adjudication.**  A class action is likely to produce substantial benefits to the litigants and the courts because, among other things:

9

LAW OFFICES OF SCOTT Z. ZIMMERMANN

A.      Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

B.      Proof of the claims of Plaintiff will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings and the statutory damages provided for in the JFPA are the same for all members of the Plaintiff Class, such that damages can be calculated with mathematical certainty.

C.      Defendants have acted pursuant to common policies and practices in the same or similar manner with respect to all members of the Plaintiff Class.

D.      Common questions of law and fact, including those identified in paragraph 19, predominate over questions affecting only individual members.

E.      Absent class certification there is a possibility of numerous individual cases and, therefore, class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings.

F.      Most, if not all, members of the Plaintiff Class are not likely to join or bring an individual action due to, among other reasons, the small amount to be recovered relative to the time, effort and expense necessary to join or bring an individual action.  The statutory minimum damage is $500 per violation, and the Act contains no provision authorizing an award of attorney's fees to a successful plaintiff.

G.      Equity dictates that all persons who stand to benefit from the

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1   relief sought herein should be subject to the lawsuit and, hence, subject to an order

2   spreading the costs of litigation among the class members in relationship to the

3   benefits received.

4

5          H.     This case is inherently manageable as a class action because,

6   among other things:

7

8             (i)    Defendants and/or third parties maintain computer or other

9   records that will enable Plaintiff to readily ascertain class members and the number

10  of facsimile transmissions at issue and establish liability and damages.

11

12            (ii)   liability and damages can be established for Plaintiff and

13  the Plaintiff Class with the same common proofs.

14

15            (iii)  statutory damages are provided for in the Act and are the

16  same for all members of the Plaintiff Class and can be calculated with mathematical

17  certainty.

18

19            (iv)  a class action will result in an orderly and expeditious

20  administration of claims, and it will foster economies of time, effort and expense.

21

22            (v)   a class action will contribute to uniformity of decisions

23  concerning Defendants' faxing policies and practices.

24

25            (vi)  as a practical matter, the claims of the Plaintiff Class are

26  likely to go unredressed absent class certification.

27

28

LAW OFFICES OF SCOTT Z. ZIMMERMANN

Cause of Action for Violations of 47 U.S.C. § 227

(Against All Defendants)

21.  **Incorporation.**  Plaintiff and the Plaintiff Class reassert and reallege the allegations set forth in paragraphs 1 through 20, above.

22.  **Defendants' Violations of the Act and FCC Regulations.**  Within four years of the filing of this Complaint, including, without limitation, on January 17, 2011, Defendants violated the JFPA and the FCC's regulations promulgated under the Act by sending unsolicited advertisements from telephone facsimile machines, computers, or other devices to telephone facsimile machines via facsimile telephone numbers of Plaintiff and members of the Plaintiff Class.  Among other things, Defendants violated the JFPA and the FCC's regulations because they, and each of them, (a) transmitted the advertisements without receiving recipients' prior express invitation or permission; and (b) failed to comply with the Opt-Out Notice Requirements by failing to make the consumer protection disclosures required by § 227(b)(1)(C)(iii), (b)(2)(D) and (b)(2)(E), and by 47 C.F.R. § 64.1200(a)(3)(iii), (iv).

23.  Defendant Tomy International, Inc. and Does 1 through 500, inclusive, are each a sender of the faxes which are the subject of this lawsuit because the facsimile unsolicited advertisements were sent on their behalf and because the faxes advertised or promoted the property, goods, and services of Defendants and/or their respective parent, subsidiary or affiliated companies.

24.  **Private Right of Action.**  Under subsection (b)(3) of the Act, Plaintiff has a private right of action to bring this claim on behalf of itself and on behalf of the Plaintiff Class to redress Defendants' violations of the Act and regulations

LAW OFFICES OF SCOTT Z. ZIMMERMANN

promulgated thereunder.

25.   **Injunctive Relief.**  Subsection (b)(3)(A) of the Act authorizes Plaintiff to seek injunctive relief.  Plaintiff requests that preliminary and permanent injunctions issue to: (a) prohibit Defendants, Defendants' respective employees, agents, representatives, contractors and affiliates, and all other persons and entities acting in concert with them, from committing further violations of the Act, and thereby prohibiting Defendants, Defendants' respective employees, agents, representatives, contractors and affiliates, and all persons and entities acting in concert with them, from sending any further unsolicited faxed advertisements to any person or entity; (b) require Defendants to deliver to Plaintiff all records of facsimile advertisements sent (to 25 or more facsimile telephone numbers) by Defendants within four years of the filing of this Complaint, including, all content sent via facsimile, lists used to conduct such faxing, and records of the transmissions of such faxing; (c) require Defendants to adopt ongoing educational, training and monitoring programs to ensure compliance with the JFPA, and limiting facsimile advertising activity to personnel who have undergone such training; (d) require Defendants to provide written notice to all persons and entities to whom Defendants sent, via facsimile transmission, unsolicited advertisements, warning such persons and entities that the facsimile transmission of unsolicited advertisements violates the JFPA and that they should not be led or encouraged in any way by the facsimile transmissions of Defendants to fax unsolicited advertisements of their own; and (e) require Defendants to conspicuously place on the homepage of all of their respective websites the warnings contained in (d) of this paragraph 25.

26.   **Damages.**  Subsection (b)(3)(B) of the Act provides for the recovery of damages in the minimum amount of $500 for each violation by Defendants of the JFPA and/or the FCC's regulations promulgated thereunder.  In addition, Plaintiff is

13

LAW OFFICES OF SCOTT Z. ZIMMERMANN

informed and believes, and upon such information and belief alleges, that Defendants committed their violations willfully or knowingly and that the amount of statutory damages should be trebled, as also authorized by subsection (b)(3)(B).

Prayer for Relief

WHEREFORE, Plaintiff and the Plaintiff Class pray for judgment against Defendants, and each of them, as follows:

1.      Certifying a class that consists of all persons and entities that are subscribers of facsimile telephone numbers to which a facsimile transmission was sent (to more than 25 facsimile telephone numbers) within four years of the filing of this action, which facsimile transmission discusses, describes, or promotes the property, goods and services of Defendants and/or their respective parent, subsidiary or affiliated companies, including, without limitation, the facsimile transmission attached hereto as Exhibit 1.

2.      Appointing Plaintiff as representative for the Plaintiff Class and awarding Plaintiff an incentive award for its efforts as class representative;

3.      Appointing Plaintiff's counsel as counsel for the Plaintiff Class;

4.      In accordance with subsection (b)(3)(B) of the JFPA, for an award of statutory damages in the amount of $500 for each violation of the Act and/or the FCC's regulations promulgated thereunder and trebling of such statutory damages, in an amount not less than $1,000,000, exclusive of interest and costs, according to proof;

LAW OFFICES OF SCOTT Z. ZIMMERMANN

5.      For injunctive relief in accordance with subsection (b)(3)(A) of the JFPA, (a) prohibiting Defendants, Defendants' respective employees, agents, representatives, contractors and affiliates, and all other persons and entities acting in concert with them, from committing further violations of the Act, and thereby prohibiting Defendants, Defendants' respective employees, agents, representatives, contractors and affiliates, and all persons and entities acting in concert with them, from sending any further unsolicited faxed advertisements to any person or entity; (b) requiring Defendants to deliver to Plaintiff all records of facsimile advertisements sent (to 25 or more facsimile telephone numbers) by Defendants within four years of the filing of this Complaint, including, all content sent via facsimile, lists used to conduct such faxing, and records of the transmissions of such faxing; (c) requiring Defendants to adopt ongoing educational, training and monitoring programs to ensure compliance with the JFPA, and limiting facsimile advertising activity to personnel who have undergone such training; (d) requiring Defendants to provide written notice to all persons and entities to whom Defendants sent, via facsimile transmission, unsolicited advertisements, warning such persons and entities that the facsimile transmission of unsolicited advertisements violates the JFPA and that they should not be led or encouraged in any way by the facsimile transmissions of Defendants to fax unsolicited advertisements of their own; and (e) requiring Defendants to conspicuously place on the homepage of all of their respective websites the warnings contained in (d) of this subparagraph 5;

6.      Ordering payment of Plaintiff's costs of litigation, including, without limitation, costs of suit and attorneys' fees, spread among the members of the Plaintiff Class in relation to the benefits received by the Plaintiff Class;

7.      For pre-judgment interest;

15

8.    For such other and further relief as the Court shall deem just and proper.

### Jury Demand

Plaintiff demands trial by jury on all issues triable by jury.

DATED:  August 13, 2012        LAW OFFICES OF SCOTT Z. ZIMMERMANN

By: _____
        SCOTT Z. ZIMMERMANN
Attorney for Plaintiff Craftwood II, Inc. d/b/a/ Bay
Hardware and for all others similarly situated

COMPLAINT FOR VIOLATIONS OF THE JUNK FAX PREVENTION ACT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

EXHIBIT 1

FAX  FROM: Learning Curve  563 875-5680     TO: 15625944054 Dealer     PAGE: 1 OF 1



## *True Value Spring "Pre-Book"*

"Spring Pre-Book" option packages for you to bring in the Learning Curve/Ertl toys.

Under these Options your terms are as follows:
$1000.00 FREE FREIGHT net 60 day terms (PPD) and receive a 5% one time only discount on all orders placed between Jan. 25th – Feb. 28th and must ship by March 31st (or as product is avb)

Option 1: Reference JD Sizzling "16" Planogram $1,212.60
    LC54802 Chuggington Diecast Store Displayer $295.42
    LC43403 Dinosaur Train Collect N Play Rack $450.86 avb March
    Any Rideons that total $350 or more
    TOTAL: $2,308.88(whs.)

Option 2 : Reference JD Sizzling "16" Planogram $1,212.60
    37684 Farm Collect N Play Rack $741.80 OR
    37630A Vehicle Collect N Play Rack $752.60
    LC43403 Dinosaur Train Collect N Play Rack $450.86 avb March
    Any Rideons that total $350 or more
    TOTAL: $2,748.06 OR $2,860.46(whs.)

Option 3: Reference JD Sizzling "16" Planogram $1,212.60
    4 feet Chuggington Wood Planogram (LC56989) $2,029.00 avb March
    TOTAL: $3,214.60(whs.)

Purchase one of these options and receive a 5% one time only discount (you can add additional items to your order with one of the above options). These are suggested options to help bring in the Learning Curve/Ertl toys into your store.

If you choose you can place orders online at www.myrc2.com

Please note "True Value Spring Pre-book" special when placing your order.

Any questions please contact
Angie Aldrich
Learning Curve Brands Inside Sales Representative
563-875-5910
563-875-5656(fax)
alaldrich@rc2corp.com

# Ex. B

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TOMY INTERNATIONAL, INC. (f/k/a RC2 Corporation) and DOES 1
through 1,000, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRAFTWOOD II, INC.

**ELECTRONICALLY FILED**
Superior Court of California.
County of Orange

**08/14/2012** at 11:32:28 AM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civil Complex Center

751 W. Santa Ana Blvd.
Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):* 30-2012-00590815-CU-MC-CXC

Judge Nancy Wieben Stock

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Z. Zimmermann, 601 S. Figueroa Street #2610, Los Angeles, CA 90017 (213) 452-6509

DATE: 08/14/2012          ALAN CARLSON, Clerk of the Court          Clerk, by *Fidel Ibarra*, Deputy
*(Fecha)*                                                           *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*          Fidel Ibarra

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Tomy International Inc.

    under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov