O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| CRAFTWOOD II, INC., a California corporation d/b/a Bay Hardware, individually and behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| TOMY INTERNATIONAL, INC. (f/k/a RC2 Corporation), a Delaware corporation, and DOES 1 through 1,000, includsive | ) ) ) ) |
| Defendants . | ) ) ) |

Case No.: SA CV 12-1710 DOC (ANx)

ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Before the Court is a Renewed Motion for Summary Judgment (Dkt. 51) brought by Defendant Tomy International ("Defendant" or "Tomy"). After considering all papers filed and oral argument, the Court treats Tomy's Motion as one to dismiss for lack of subject matter jurisdiction and DENIES the Motion for the reasons below.

//

//

## I.      Factual Background

### a.  Allegations and procedural history

Plaintiff Craftwood, which does business as Bay Hardware ("Plaintiff"), alleged as follows: Tomy sent unsolicited, "junk" faxes, and in doing so violated the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. Notice of Removal (Dkt. 1, Ex A, hereafter "Compl."). The violations included, but were not limited to, sending an unsolicited advertisement to Plaintiff on January 17, 2011. Compl. Ex. 1. Sending such a fax violated the TCPA and interpretative regulations in two main ways: Tomy did not have permission from the recipient to send the fax, and the fax did not include a required notice that recipients have the right to stop future junk faxes. Compl. ¶ 10 (citing 47 U.S.C. § 227(b)(1)(C)(iii), (b)(2)(E), and 47 C.F.R. § 64.1200(a)(3)(iii)-(vii)).

Plaintiff filed its lawsuit on August 13, 2012, in Orange County Superior Court. It sought statutory damages of $500 per violation of the TCPA and regulations, trebling of such statutory damages, and various forms of injunctive relief against future violations (including requiring Tomy to train and monitor its employees for compliance with the TCPA). Compl. at 14-15. Plaintiff sought certification for a class action of people who received the junk faxes, litigation costs, an order appointing Plaintiff as the class representative and an incentive award for that role. *Id.* Defendant filed an answer and then removed the case to federal court on the basis of federal question jurisdiction. Notice of Removal at 1.

### b.  The settlement offer

On August 28, 2013, Tomy's counsel sent Plaintiff a settlement offer. "In order to end this litigation now," Tomy offered Plaintiff $1,500 for each faxed advertisement that Tomy, or any of its predecessors and subsidiaries, sent to Plaintiff in violation of the TCPA.[1] D's Memorandum of Points and Authorities in Support of Renewed Motion for Summary Judgment (Dkt. 51,"Mot."), Ex. 1 (Dkt. 51-2, hereafter "Settlement Offer"). The letter Tomy agreed to pay Plaintiff's costs, to pay any prejudgment interest on statutory damages, if such interest is

---

[1] The letter did not tell Plaintiff how many faxes were sent, or how many violated the TCPA.

required by law, and to accept entry of an injunction prohibiting Tomy from sending any unsolicited faxed ads that violate the TCPA. *Id.* The letter repeatedly specifies that it is agreeing to the relief that Plaintiff could individually obtain from Tomy. *See id.* at paragraphs 2, 3, 5. Tomy extended the same offer to other possible, unknown plaintiffs represented by Plaintiff's counsel. *Id.* at paragraph 4.

On September 5, 2012, Plaintiff's counsel rejected Tomy's offer, stating that the lawsuit sought classwide relief, and that Plaintiff would consider classwide resolution after conducting enough discovery. Mot. Ex. 2 (Dkt. 51-2).

Tomy now moves for summary judgment, arguing that its offer made Plaintiff's lawsuit moot, and thus this case must be dismissed. Mot. at 3-4.

## II.    Legal Standard

At oral argument, Tomy explained that it filed for a Motion for Summary Judgment, rather than a motion to dismiss, because it already answered the lawsuit while in state court. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). While some Rule 12 defenses can be waived, Fed. R. Civ. P. 12(h)(1), subject-matter jurisdiction is not one of them, *see id.* at (h)(3). Indeed, if Tomy is correct, then "no case or controversy exists, and thus the Court lacks jurisdiction and this action should be dismissed." Mot. at 10. Courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir.1992). Tomy's argument is that the Court lacks the authority to consider this lawsuit. If true, the appropriate step is dismissing the case, rather than ruling on a motion for summary judgment.[2] One reason for making that distinction is that dismissal for lack of subject-

---

[2] *Jones v. Brush*, 143 F.2d 733, 734 (9th Cir. 1944) ("Instead of raising [subject-matter jurisdiction] by their answer or by a motion to dismiss the action, as provided for in Rule 12 of the Federal Rules of Civil Procedure, appellees moved for a summary judgment in their favor. That, obviously, was not a proper way to raise the question of the court's jurisdiction."); *see also Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) ("Seeking summary judgment on a jurisdictional issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits. This is a nonsequitur."); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed.) (noting that most courts have concluded that a Rule 56 motion is not the appropriate method to

matter jurisdiction is generally not a ruling on the merits that would bar a plaintiff from later bringing her lawsuit, *see* Fed. R. Civ. P. 41(b), while a summary judgment ruling carries obvious broader implications for plaintiff's ability to bring claims later. Thus, the Court will treat this Motion essentially as a motion under Rule 12(b)(1), a suggestion that this Court lacks subject-matter jurisdiction.

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Standing is a jurisdictional limitation. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack,* 395 U.S. 486, 496 (1969). In other words, if events subsequent to the filing of the case resolve the parties' dispute, the court must dismiss the case as moot, *see Stratman v. Leisnoi, Inc.,* 545 F.3d 1161, 1167 (9th Cir. 2008); *see also Pitts v. Terrible Herbst, Inc.,*, 653 F.3d 1081, 1086–87 (9th Cir. 2011), because the court does "not have the constitutional authority to decide moot cases," *Foster v. Carson,* 347 F.3d 742, 747 (9th Cir. 2003) (citation, internal quotation marks omitted).

## III.   Analysis

Tomy argues that its offer moots Plaintiff's claims because it provides all the individual relief to which Plaintiff could be entitled. Mot. at 2. It relies on *Damasco v. Clearwire*, 662 F.3d 891 (7th Cir. 2011), where a Seventh Circuit panel held that defendant's settlement offer on a TCPA claim made the claim moot. As in this case, the district court in *Damasco* had not yet certified the class that the plaintiff sought to represent. *See id.* at 896. Seventh Circuit law refuses to let a plaintiff "spurn" such an offer and "avoid mootness when he did not even move for class certification prior to the evaporation of his personal stake." *Id.* at 895 (citation and internal quotation marks omitted).

---

challenge subject matter jurisdiction, and that a "more fruitful approach would be to treat the motion for summary judgment as a 'suggestion' of lack of subject matter jurisdiction").

But, as the *Damasco* court recognized, four circuits disagree with that approach, including the Ninth Circuit.[3] In *Pitts*, the Ninth Circuit considered "whether a rejected offer of judgment for the full amount of a putative class representative's individual claim moots a class action complaint where the offer precedes the filing of a motion for class certification." *Pitts*, 653 F.3d at 1084. The answer is "that it does not." *Id.* The Ninth Circuit applied Supreme Court precedent on mootness and determined that even if on moots a putative class representatives claims, this will not necessarily moot a class action. *Id.* at 1090. This is because "some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Id.* (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)). These transitory claims will repeat to the class, particularly in the situation where other similarly situated people will have the same complaint. *Id.* (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11).  In those cases, the class plaintiff's claim is "capable of repetition, yet evading review," and "the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution." *Id.*

*Pitts* recognized that its scenario is not precisely an "inherently transitory" claim, such as a claim about prison conditions brought by inmates who will be released before the lawsuit reaches the merits. *Id.* at 1091. But "we see no reason to restrict application of the relation back doctrine only to cases involving inherently transitory claims. Where, as here, a defendant seeks to 'buy off' the small individual claims of the named plaintiffs, the analogous claims of the class—though not inherently  transitory—become no less transitory than inherently transitory claims." *Id.* They are "acutely susceptible to mootness" because defendants can pick off plaintiffs through a settlement offer. *Id.* "The end result is the same: a claim transitory by its very nature and one transitory by virtue of the defendant's litigation strategy share the reality that both claims would evade review." *Id.* Such a holding also furthers the unique purposes and

---

[3] *Id.* at 895-96 (citing *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249–50 (10th Cir.2011); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir.2004)).

context of Federal Rule of Civil Procedure 23, where class claims often are so small in terms of damages that no plaintiff can afford to maintain a lawsuit on her own. *Id.*

Defendant claims that the Supreme Court's recent decision in *Genesis Healthcare Corporation v. Symczyk*, 133 S. Ct. 1523 (2013), "either overrules or at a minimum severely undermines the Ninth Circuit's decision in *Pitts*. Mot. at 9. There are several problems with this argument. First, *Genesis* is distinguishable because it considered a claim filed as a collection action under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.  133 S.Ct. at 1527. A ruling in the context of a collective action does not directly apply to a class action, and the Supreme Court clearly distinguished class certification precedent when it came to transitory claims and thwarting class actions by allowing defendants to buy off named plaintiffs. *Id.* at 1530-32. Second, the Court did not actually reach the issue of the whether the settlement offer of judgment under Federal Rule of Civil Procedure 68, mooted the individual claim. It assumed this to be the case, based on the argument having been waived in the courts below, and then moved on to examine what effect a moot individual claim would have on a FLSA action. *Id.* at 1527-29.

But as Justice Kagan noted, as long as "parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 1533 (Kagan, J., dissenting) (citing *Chafin v. Chafin,* 133 S.Ct. 1017, 1023 (2012)). A "case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.*; *see also Knox v. Service Employees*, 132 S. Ct. 2277, 2287 (2012). Thus, as "long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox*, 132 S. Ct. at 2287. Rejecting an offer "leaves the matter as if no offer had ever been made," *id.* at 1534 (citing *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill,* 119 U.S. 149, 151 (1886). For that reason, it is unclear why the premise of *Genesis*—that the individual claim was moot—is true.[4]

---

[4] *Pitts* briefly mentions the idea that a full settlement offer for the full individual claim would moot the individual plaintiff's claim *after* plaintiff has had the chance to file for class certification and has lost on that motion. *See* 653 F.3d at 1092. At oral argument, Tomy contended that *Pitts* thus accepted the idea that a full offer would moot an individual claim if not for the relation-back doctrine. Even if this were

In fact, Plaintiff has taken steps that preserve its continuing interest in this case, and distinguish this case from *Genesis*. Plaintiff did not concede that the offer it rejected actually mooted its case: it did not offer relief for her class claims, and it only offered payment for the not-yet-determined number of faxes that actually violated the TCPA. Opp'n at 19-20. Nor did she concede her ongoing interest in shifting a portion of her attorney's fees and expenses to be shared among the successful class action, *see Genesis*, 133 S. Ct. at 1532.

To sum up, while the five-Justice majority in *Genesis* does attack some of the logic of the precedent on which *Pitts* relies,[5] its holding does not cover class actions, nor does it even address how a rejected offer could moot a claim. Like district courts in the Ninth Circuit both

true, the better view is Justice Kagan's discussion in *Genesis* and, with a similar result, Justice Rehnquist's concurrence in *Deposit Guaranty National Bank, Jackson, Mississippi v. Roper*, 445 U.S. 326, 341-42 (1980). In *Roper*, the Supreme Court held that a would-be class representative could appeal a denial of class certification even after her individual claim became moot. *Id.* at 333. After the denial of class certification, the defendant had tendered to plaintiffs the maximum that each could have recovered, and plaintiffs rejected the offer. *Id.* at 329. The district court entered judgment in plaintiffs' favor (but not as a class), according to the terms of the rejected offer. *Id.* at 329-30. The Supreme Court held that the plaintiffs in the case retained an "economic interest in class certification," *id.*, that included "their desire to shift part of the costs of litigation" to the class, if the class were certified and ultimately prevailed, *id.* at 336. The Court noted both that it was "important" that the named plaintiffs never accepted the tendered offer, *id.* at 332, and that it would frustrate the purpose of class actions if defendants could "buy off" an individual's claim, *id.* at 339. Justice Rehnquist wrote separately in an effort to reconcile precedent:

> The distinguishing feature here is that the defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim. The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (*i. e.*, relief for the class) and any other rule would give the defendant the practical power to make the denial of class certification questions unreviewable. Since adversity is in fact retained, and this set of facts fits within a "narrow class of cases" where a contrary rule would lead to the "reality" that "otherwise the issue would evade review."

*Id.* at 341-42 (Rehnquist, J., concurring) (*citing Sosna*, 419 U.S. at 402 n.11).
[5] *See Chen v. Allstate Ins. Co.*, 2013 WL 2558012 at *7-*9 (N.D. Cal. June 10, 2013).

before[6] and after[7] *Genesis*, this Court concludes that *Pitts* controls the outcome. Until the Ninth Circuit decides otherwise, the attempt to buy off a class plaintiff's claim remains "a facile procedural 'gotcha'" that tries to make an "end-run around a class action." *Gomez*, 805 F. Supp. 2d at 930.

### IV.    Disposition

For the foregoing reasons, the Court treats Tomy's Motion as one to dismiss for lack of subject matter jurisdiction, and the Court DENIES Tomy's Motion.

DATED:  July 15, 2013

*David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[6] *See Gomez v. Campbell–Ewald Co.,* 805 F. Supp. 2d 923, 930 (C.D. Cal. 2011); *Ramirez v. Trans Union, LLC*, 2013 WL 1089748 (N.D. Cal. Mar. 15, 2013).
[7] *See Chen v. Allstate Ins. Co.*, 2013 WL 2558012; *Canada v. Meracord, LLC*, 2013 WL 2450631 (W.D. Wash. June 6, 2013). Tomy's claim that this case differs from *Pitts* because the Settlement Offer was not made pursuant to Rule 68 is not persuasive. *Damasco*, the Seventh Circuit case favorable to Defendant, recognized as much, noting that although buy-off offers in its case were not made under Rule 68, the "same analysis seems to apply to any offer of complete relief." 662 F.3d at 896. Indeed, here the Settlement Offer would seem less final than a Rule 68 offer of judgment, because the Offer leaves open questions that would lead to more adjudication, such as the validity of the claims and the number of faxes.