NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CRAFTWOOD II, INC., a California corporation, d/b/a as Bay Hardware, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOMY INTERNATIONAL, INC., *etc., et al.*,<br><br>Defendants. | Case No. SACV12-1710 DOC (ANx)<br><br>**CLASS ACTION**<br><br>**Order Preliminarily Approving Class Action Settlement [126]** |

THIS MATTER, having come on before the Court on the motion of plaintiff Craftwood II, Inc. d/b/a Bay Hardware ("Plaintiff"), requesting preliminary approval of a settlement of this class action litigation (the "Litigation") with defendants TOMY International, Inc. (f/k/a RC2 Corporation) ("TOMY"), John Deere Shared Services, Inc., and CNH Industrial America LLC (f/k/a CNH America LLC)

(collectively "Defendants"), in accordance with a Settlement Agreement made between them which, together with the exhibits annexed thereto (collectively, the "Settlement Agreement," a copy of which was made a part of Plaintiff's motion for preliminary approval), setting forth the terms and conditions for the proposed settlement, and the Court having heard argument of counsel and being otherwise fully advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated at arms' length and is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

(b)     With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that class certification is appropriate; and

(c)     Notice of Proposed Settlement and Claim Form attached respectively as Exhibits 4 and 5 to the Declaration of Scott Z. Zimmermann submitted in connection with this Motion ("Zimmermann Declaration") and the method of providing such notice to the proposed Settlement Class (as described and defined as "Class Notice" in Settlement Agreement ¶ 15), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Litigation.

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement is preliminarily

determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement is therefore preliminarily approved, subject to further consideration at the Final Settlement Hearing described below.

2. For purposes of effectuating the settlement only, the following class (the "Settlement Class") is conditionally certified:

> All persons and entities to whose facsimile telephone number(s) TOMY sent, during the period August 14, 2008, to August 30, 2012, one or more Facsimile Advertisements (as defined in the Settlement Agreement) that promoted its goods, Deere brand-licensed products sold by TOMY, or Case-, Case IH- or New Holland brand-licensed products sold by TOMY.

3. Craftwood II, Inc., is designated and appointed representative of the Settlement Class.

4. Scott Z. Zimmermann of the Law Offices of Scott Z. Zimmermann and C. Darryl Cordero of Payne & Fears LLP are designated and appointed as Settlement Class Counsel.

5. Kurtzman Carson Consultants is designated and appointed as the Claims Administrator under the Settlement Agreement.

6. The Notice to the Settlement Class members and Claim Form attached respectively as Exhibits 4 and 5 to the Zimmermann Declaration are approved.

7. On or before October 3, 2014 the Notice the Settlement Class members and Claim Form, in the forms attached respectively as Exhibits 4 and 5 to the Zimmermann Declaration shall be sent by the Claims Administrator to all putative

Settlement Class members in accordance with the Settlement Agreement. This Class Notice complies with Fed. R. Civ. P. 23(e) and due process, constitutes the best notice practicable under the circumstances, and is sufficient notice to all persons entitled to notice of the settlement of this Litigation.

8. The provisions for claim submission, claims determinations, or to cure defects in claims, as well as for submission and determinations of Substitute Forms W-9, are set forth in the Settlement Agreement and shall be followed in administering claims.

9. The deadline for submission of Claim Forms by Settlement Class Members to the Claims Administrator shall be December 9, 2014 (the "Claims Submission Date").

10. A hearing to determine whether the settlement should be given final approval, and to determine the "Motion for Fees" and "Motion for Incentive Award" (as defined in paragraphs 6.A and 6.C respectively of the Settlement Agreement) (the "Final Approval Hearing"), will be conducted on February 23, 2015, at 8:30 a.m. in Courtroom 9D of this Court.

11. Members of the Settlement Class may request exclusion from the Settlement Class as provided in the Settlement Agreement. Any request for exclusion which does not comply with the requirements as set forth in the Settlement Agreement shall be ineffective. Any request for exclusion shall be submitted to the Claims Administrator and must be received by the Administrator on or before December 9, 2014 or the request shall be deemed to be invalid. The Claims Administrator shall file documents with the Court reporting on the Settlement Class members requesting exclusion no later than five business days

after the Claims Submission Deadline (as defined paragraph 7 of the Settlement Agreement).

12. Members of the Settlement Class shall have the right to object to the proposed settlement, the "Motion for Fees" and the "Motion for Incentive Award." No Settlement Class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court unless, no later than February 2, 2015, the Settlement Class member files with the Clerk of Court and concurrently personally serves or mails to addresses of Settlement Class Counsel specified in the Notice to the Settlement Class, written objections and if the objector intends to appear at the Final Approval Hearing, a notice of intention to appear that conform to the requirements as set forth in the Notice to the Settlement Class and in the Settlement Agreement.  Plaintiff and Defendants shall file their written responses to timely-filed objections, if any, no later than February 13, 2015.  There shall be no replies.

13. Settlement Class Counsel and/or Plaintiff shall file a Motion for Final Approval and a "Motion for Fees" and a "Motion for Incentive Award" (as those terms are defined in paragraphs 6.A and 6.C, respectively, of the Settlement Agreement) no later than January 16, 2015.

14. All proceedings in this litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, and this Order, are hereby stayed and suspended until further order of this Court.

15. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all Settlement Class members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the

date of the Final Approval Hearing, from commencing or prosecuting any action asserting any of the claims and causes of action to be released under the Settlement Agreement, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity that knowingly violates the injunction shall pay the costs and attorneys' fees incurred by Defendants or any other party to be released the Settlement Agreement as a result of the violation. Nothing in this paragraph shall be construed to prevent a Settlement Class member from presenting objections to the Court regarding the Settlement Agreement, "Motion for Fees" or "Motion for Incentive Award" in accordance with paragraph 12 of this Order.

16. If the settlement proposed in the Settlement Agreement, this Order and the Judgment and Order contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement, this Order nor the contemplated Final Judgment and Order shall have any force or effect; the Parties shall be restored, without waiver, to their respective positions as of June 6, 2014; any certification of the Settlement Class shall be vacated; the Litigation shall proceed as though the Settlement Class had never been certified; Plaintiff shall have the right to move for class certification and Defendants shall have the right to oppose certification; any amounts paid by TOMY into the Settlement Escrow Account shall be returned to TOMY less any payments made for class notice and administrative costs including any escrow account fee shall be returned to TOMY; and paragraphs 5.C, 27 and 28 of the Settlement Agreement shall survive and remain enforceable.

17. The Court may extend any of the deadlines set forth in this Order or

adjourn or continue the Final Settlement Hearing without further notice to the Settlement Class.

**18. The Final Pretrial Conference currently scheduled for December 1, 2014 and the Jury Trial date currently scheduled on December 16, 2014 are vacated.**

Dated: September 8, 2014

_____
Hon. David O. Carter
United States District Court Judge