JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CRAFTWOOD II, INC., a California corporation, d/b/a Bay Hardware, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOMY INTERNATIONAL, INC., *etc., et al.*,<br><br>Defendants. | Case No. SACCV12-1710 DOC (ANx)<br><br>**CLASS ACTION**<br><br>[Revised Proposed] Judgment and Order<br><br>Date: March 2, 2015<br>Time: 8:30 A.M.<br>Courtroom: 9D |

THIS MATTER, having come on before the Court on the motion of plaintiff Craftwood II, Inc., d/b/a Bay Hardware ("Plaintiff"), requesting final approval of a settlement of this class action litigation (the "Litigation") with defendants TOMY International, Inc. (f/k/a RC2 Corporation) ("TOMY"), John Deere Shared Services, Inc., and CNH Industrial America LLC (f/k/a CNH America

LLC) (collectively "Defendants"), and accompanying Motion for Reimbursement of Attorneys' Fees and Costs and Motion for Incentive Award. The procedural background is as follows:

  (a) On September 8, 2014, this Court entered an order (Dkt. 128) granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and settlement of this action and conditionally certifying, for settlement purposes only, a Settlement Class.

  (b) The February 2, 2015, deadline under the Preliminary Approval Order for objecting to the Motions for Final Approval, Reimbursement of Attorneys' Fees and Costs, and Incentive Award expired without any objections being made or filed with the Court.

  (c) On March 2, 2015, the Court held a fairness hearing (the "Final Settlement Hearing"), for which members of the Settlement Class had been given appropriate notice. [No class member appeared at the fairness hearing]. The Court notes that the fairness hearing was initially scheduled for February 23, 2015, and the hearing was rescheduled by the Court for March 2, 2015. No class member appeared in Court on February 23, 2015 regarding this settlement.

  Having considered all papers filed in connection with the Final Settlement Hearing, the Motion for Reimbursement of Attorneys' Fees and Costs and Motion for Incentive Award and statements made on the record,

/ / /

/ / /

**IT IS HEREBY ORDERED AND ADJUDGED** that

1. This Court has jurisdiction over Plaintiff Craftwood II, Inc., d/b/a Bay Hardware ("Plaintiff") and Defendants TOMY International, Inc. (f/k/a RC2 Corporation) ("TOMY"), John Deere Shared Services, Inc., and CNH Industrial America LLC (f/k/a CNH America LLC) (collectively "Defendants"), members of the Settlement Class, and the Claims Administrator.

2. The Court finds that the Settlement Agreement has been entered into in good faith following arms' length negotiations and is non-collusive.

3. No objections were filed, timely or otherwise, to the final approval of the Settlement Agreement, Motion for Reimbursement of Attorneys' Fees and Costs and Motion for Incentive Award.

4. The Court grants final approval of the settlement and Settlement Agreement, including, but not limited to, the releases in paragraph 14 thereof, and finds that the settlement and Settlement Agreement are, in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not timely and validly requested exclusion from the Settlement Class are bound by this Judgment and Order.

**Class Certification**

5. The Court finds that certification of the Settlement Class is appropriate because (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class members; (c)

1  Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will
2  fairly and adequately protect the interests of the Settlement Class; (e) Settlement
3  Class Counsel are adequate class counsel; and (f) a class action is the superior
4  method for the fair and efficient adjudication of this controversy. The preliminarily
5  certified Settlement Class is now finally certified, for purposes of effectuating the
6  settlement, as follows:

> All persons and entities to whose facsimile telephone number(s) TOMY sent, during the period August 14, 2008 to August 30, 2012, one or more of the Facsimile Advertisements (as defined in the Settlement Agreement) that promoted its goods, Deere-brand licensed products sold by TOMY, or Case-, Case IH- or New Holland-brand licensed products sold by TOMY.

13      6.    The certification of the Settlement Class is without prejudice to
14  Plaintiff's and Defendants' rights under the Settlement Agreement if the Settlement
15  Agreement and this Judgment and Order do not become effective, as provided in the
16  Settlement Agreement.

18      7.    In its Preliminary Approval Order, the Court designated Plaintiff
19  Craftwood II, Inc., as the representative of the Settlement Class. The Court affirms
20  that designation.

22      8.    In its Preliminary Approval Order, the Court appointed Scott
23  Zimmermann of the Law Offices of Scott Z. Zimmermann and Darryl Cordero of
24  Payne & Fears LLP as Settlement Class Counsel. The Court affirms that
25  appointment and, after considering all factors set forth at Rule 23(g)(1), finds that
26  Settlement Class Counsel are adequate under Rule 23(g)(1) and (4).

9. In its Preliminary Approval Order, the Court appointed Kurtzman Carson Consultants LLC as the Claims Administrator. The Court affirms that appointment.

### Class Notice

10. The Declaration of Phil Cooper, Senior Consultant of the Claims Administrator (Dkt. 135-2) shows that Class Notice was given in the first instance by facsimile transmission and, in some cases, was followed by first-class mail in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order and a second notice was mailed to Settlement Class members who had not filed claims pursuant to the Court's November 28, 2014 order. (Dkt. 131.) The Class Notice (as described and defined in the Settlement Agreement and in the Declaration of Cooper) complies with Fed. R. Civ. P. 23(e) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Litigation.

### Objections and Opt-Outs

11. No objections were filed by Settlement Class members to the approval of the Settlement Agreement, Motion for Reimbursement of Attorneys' Fees and Costs or the Motion for Incentive Award.

12. A total of 11 persons or entities have timely and validly requested exclusion from the Settlement Class in accordance with section VII of the Class Notice and paragraph 17 of the Settlement Agreement. A list of the persons or entities that have timely and validly requested exclusion from the Settlement Class was reported to the Court on December 17, 2014, as Dkt. 133. These persons or

entities listed on the aforementioned report as having timely filed valid requests from exclusion are hereby excluded from and shall not be considered to be members of the Settlement Class.

### Class Relief

13. The Claims Administrator will distribute the Claims Payment Amount to Settlement Class members in accordance with the Settlement Agreement.

### Injunction and Release of Claims

14. Each member of the Settlement Class (excepting therefrom the persons and entities who are excluded from the Settlement Class under this Order), shall automatically give the releases provided in the Settlement Agreement on the Effective Date (as defined in the Settlement Agreement).

15. Each Settlement Class member who has not been excluded from the Settlement Class is permanently enjoined, as of the date of this Order, from continuing with or commencing in any federal or state court, or in any other court, arbitration proceeding, tribunal, administrative agency, or other forum in the United States or elsewhere any or all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, and complaints arising solely from the transmission or intended transmission of any of the Facsimile Advertisements (as defined the Settlement Agreement). Any of Defendants' Released Parties (as defined in the Settlement Agreement) may plead the Settlement Agreement as a complete bar to any and all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, and complaints encompassed in the

1 definition of Released Claims (as defined in paragraph 14.A of the Settlement
2 Agreement) brought in derogation of this paragraph.

4     16.     Any person or entity that knowingly violates this injunction shall pay
5 the costs and attorneys' fees incurred by "Defendants' Released Parties."

7 **Reimbursement of Attorneys' Fees and Costs, and Incentive Award**

9     17.     Settlement Class Counsel shall be paid $ _3,000,000.00_ as their attorneys'
10 fees and $_35,550.74_ for reimbursement of costs from the Settlement Payment (as
11 defined in the Settlement Agreement) in accordance with the terms of the Settlement
12 Agreement, within five days after the Effective Date (as defined in the Settlement
13 Agreement). The Court finds this amount to be fair and reasonable, and sufficiently
14 supported.

16     18.     Plaintiff shall be paid an incentive award in the amount of
17 $_15,000.00_____ from Settlement Payment (as defined in paragraph 4 of the
18 Settlement) in accordance with the Settlement Agreement, within five days after the
19 Effective Date (as defined in the Settlement Agreement). The Court finds this
20 amount to be fair and reasonable, and sufficiently supported.

22 **Other Provisions**

24     19.     The Parties and Claims Administrator are ordered to take all necessary
25 actions to complete and administer the settlement in accordance with the Settlement
26 Agreement and shall comply with the terms of the Settlement Agreement. The
27 Claims Administrator's fees and costs shall be paid from the Settlement Payment (as
28 defined in the Settlement Agreement) in accordance with the Settlement Agreement.

The Parties expressly recognize and consent to enforcement of the terms of the Settlement Agreement by this Court through a motion for a rule to show cause.

21. Within 20 days of the date by which Settlement Class members have to negotiate settlement checks (to be printed on the checks), the parties shall report to the Court on the amount of any Uncashed Checks (as defined in the Settlement Agreement) and any remaining Claims Payment Amount, together with the parties' recommendations or proposals regarding the distribution of the same. As provided in the Settlement Agreement, the Court will order the distribution of these funds.

22. Settlement Class Counsel shall file a final accounting of the distribution of the Settlement Payment within 90 days of the date of the entry of Court's order of the distribution of funds under paragraph 21 above.

23. If the Settlement Agreement and this Judgment and Order are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement nor this Judgment and Order (including the certification of the Settlement Class provided in paragraph 4 of this Order, or the releases provided in paragraph 14 of this Order) shall have any force or effect; the Parties shall be restored, without waiver, to their respective positions as of June 6, 2014; any certification of the Settlement Class shall be vacated; the Litigation shall proceed as though the Settlement Class had never been certified; Plaintiff shall have the right to move for certification of a class, and Defendants shall have the right to oppose certification; any amounts paid by TOMY into the Settlement Escrow Account shall be returned to TOMY less any payments made for class notice and administrative costs including any escrow account fee shall be returned to TOMY; and paragraphs 5.C, 27 and 28 of the Settlement Agreement shall survive and remain enforceable.

24. The Court hereby enters final judgment for Plaintiff and the Settlement Class in accordance with the terms of the Settlement Agreement and this order is a final and appealable order.

Dated: March 2, 2015

*David O. Carter*
Hon. David O. Carter
United States District Judge